William L. PHILLIPS

v.

The MERIT SYSTEMS PROTECTION BOARD, Ruth T. Prokop, Chairman, Ersa Poston, Member.

Civ. A. No. S–79–38–CA.

United States District Court,
E.D. Texas,
Sherman Division.

July 7, 1987.

Don B. Hays, Sherman, Tex., for plaintiff.

Ruth Yeager, Asst. U.S. Atty., Tyler, Tex., for defendant.

## MEMORANDUM OPINION

COBB, District Judge.

For the third time in this wrongful discharge suit, plaintiff seeks judicial review of a decision by the Department of the Navy to terminate his employment. Plaintiff was discharged from his position as civilian firefighter in 1978. He appealed his discharge to the Federal Employee Appeals Authority (FEAA), and was granted no relief. Plaintiff then sought judicial review of the FEAA's decision in the appropriate United States District Court. On August 17, 1981, the Honorable William Wayne Justice entered an order, remanding the case to the Navy for further consideration of certain factors. On remand, the Navy sustained its original decision, and plaintiff for the second time sought review in the district court. On February 2, 1983, the district court again remanded plaintiff's case to the Navy for further consideration.

The facts of this case as found by the FEAA and accepted by Judge Justice are more thoroughly set out in the court's two remand orders, and bear no repetition here.

The only issues before this court are (1) whether the Navy's decision to discharge plaintiff is supported by substantial evidence, and (2) whether the Navy's decision to discharge plaintiff was arbitrary and capricious. *Bonet v. United States Postal Service,* 712 F.2d 213 (5th Cir.1983).

In cases of administrative agency decisions like this, the function of judicial review is to insure that an essentially fair process was employed by the agency, eliminating not those decisions with which the court might disagree, but invalidating those where governmental regularity has lapsed into mere will. A decision unsupported by substantial evidence must fail. Substantial evidence means a level of proof that a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971). This court may not independently weigh evidence, try issues *de novo* or substitute its judgment for that of the agency. *Id..*

After carefully examining the papers submitted by the parties, the two remand orders and the record below, this court finds that the Navy's decision to discharge plaintiff is supported by substantial evidence, and is not arbitrary and capricious.

On remand, Judge Justice ordered the Navy to clarify the appearance of disparate treatment accorded plaintiff. Specifically, the Navy was required to clarify why plaintiff was discharged while the other disobedient firemen were merely given letters of caution. The Navy's response was relatively simple—plaintiff was assigned to the "alert crew" on the evening in question. The other firemen who were not discharged were assigned to the "standby crew." The alert crew had primary responsibility for dealing with any emergency occurring on or near a runway. The agency concluded that plaintiff's duties as a member of the alert crew, as opposed to the standby crew, and the serious consequences that could result from his refusal to follow the orders of his superiors in an

emergency situation warranted the severe penalty.

The Navy punished plaintiff severely for his misconduct. Perhaps in this case the sanction was not commensurate with the infraction. But as Judge Justice found, it is within the Navy's discretion to so punish plaintiff, as long as substantial evidence supports the decision and the decision is not arbitrary and capricious. Having found that the Navy's decision meets these criteria, it is not the province of the court to agree or disagree with the Navy's decision.

Defendant's motion for judgment on the record is accordingly GRANTED.